IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cr64

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>PRENTISS DAVIS LIPSCOMB )<br>_____) | <u>MEMORANDUM AND ORDER</u> |

**THIS MATTER** is before the Court on the defendant's Motion to Withdraw Guilty Plea (Doc. No. 12) and the government's response (Doc. No. 13).

I.  PROCEDURAL HISTORY

On May 25, 2007, the defendant pled guilty to a one-count indictment charging a violation of 18 U.S.C. § 922(g). (Doc. No. 9: Entry and Acceptance of Guilty Plea). The plea was entered before a magistrate judge.[1] The defendant took an oath to respond truthfully to the court's questions. The defendant responded affirmatively that his mind was clear and that he was there to enter a plea that could not be withdrawn later. The defendant responded affirmatively that he was aware that he faced a 10-year minimum term of imprisonment. The court specifically discussed with the defendant and counsel the possibility that the alleged shooting could increase the guideline range, but not the statutory maximum.[2] The defendant acknowledged that the applicable guideline range could not be determined until the presentence report was completed and he had the opportunity to comment on it. The court warned him that he would be bound by his plea even if the sentence was more severe than he expected.

---

[1]This hearing was not transcribed. However, the Court has reviewed a recording of the proceedings.

[2]The Presentence Report states that a police officer saw the defendant shoot a person in a parking lot. (PSR at ¶ 4).

Even so, the defendant responded affirmatively that he was guilty of the charge in the indictment, which involved his possession of a Ruger .22 caliber handgun and ammunition. He agreed that no other promises of leniency or a light sentence had been made to induce his guilty plea, and that he was satisfied with the services of his attorney. Accordingly, the magistrate judge accepted the plea upon finding that the defendant's plea was entered knowingly and voluntarily, with understanding of the charges, potential penalties, and consequences of the plea. (Doc. No. 9: Entry and Acceptance of Guilty Plea at 5).

On October 5, 2007, the defendant received the Presentence Report (PSR). (Doc. No. 12: Motion at ¶ 3). On October 14, 2007, he objected to the cross-reference used to calculate his offense level.[3] (Doc. No. 12: Motion at ¶ 5). After a sentencing hearing was set for February 26, 2008, the defendant moved to withdraw his plea five business days before the hearing.

II.     LEGAL DISCUSSION

The defendant acknowledges his burden to show a "fair and just reason" for withdrawal of his guilty plea under Federal Rule of Criminal Procedure 11(d). (Doc. No. 12: Motion at ¶ 7). He claims his attorney's failure to anticipate application of the cross-reference precluded him from entering a knowing and voluntary guilty plea. (Doc. No. 12: Motion at ¶ 9). The defendant does not provide any authority for his position that miscalculation of the potential guideline range[4] constitutes a fair and just reason under Rule 11(d). In fact, the law in the Fourth Circuit is squarely against him.

---

[3]The PSR cross-referenced to USSG §2A2.1(a)(2) (assault with intent to commit murder), pursuant to §2K2.1(c)(1)(A).

[4]Although the PSR recommends application of the cross-reference, the Court has made no determination on that issue.

A defendant does not have an absolute right to withdraw a guilty plea, even before sentencing, but rather bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw. Fed. R. Crim. P. 11(d)(2)(B); United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Courts typically consider a variety of factors in determining whether a defendant has met his burden, including: (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources. Id.

It is well-settled that magistrate judges may conduct Rule 11 proceedings and accept guilty pleas with a defendant's consent. United States v. Osborne, 345 F.3d 281, 285 (4th Cir. 2003); United States v. Graham, 48 Fed. Appx. 458, 459 (4th Cir. 2002)(unpublished opinion). "[A]n appropriately conducted Rule 11 proceeding raises a strong presumption that the plea is final and binding." United States v. Wilson, 81 F.3d 1300, 1306 (4th Cir. 1996). Statements made by a defendant during the course of such a proceeding may not ordinarily be repudiated. Id. at 1308. In fact, a strong presumption of veracity attaches to a defendant's declarations made in open court. United States v. Morrow, 914 F.2d 608, 614 (4th Cir. 1990).

Considering the first factor, the defendant has not offered credible evidence that his plea was not knowing and voluntary. The Fourth Circuit has held that an attorney's miscalculation of the guideline range is not a fair and just reason to withdraw a plea when the court correctly advises the defendant of the statutory maximum. United States v. Washington, 233 Fed. Appx.

3

280, 282 (4th Cir. May 24, 2007) (unpublished opinion) (citing United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992)).[5] Here, the magistrate judge clearly warned the defendant that the alleged shooting could increase his guideline range, but not the statutory maximum. Both the defendant and counsel acknowledged that was their understanding. The court further warned the defendant he could not withdraw his plea if the sentence turned out to be more severe than he expected. After these and other warnings, the defendant informed the court that he wanted to enter his guilty plea. Importantly, the defendant does not claim that he would have gone to trial but for the erroneous advice. See United States v. Ubakanma, 215 F.3d 421, 425 (4th Cir. 2000) (stating standard for withdrawing plea based ineffective assistance of counsel). Accordingly, the defendant has not presented credible evidence that his plea was not knowing and voluntary.

Consideration of the other factors detailed in Moore shows the defendant has failed to establish a fair and just reason for withdrawal of his guilty plea. One of the factors is whether the defendant has credibly asserted his legal innocence. Moore, 931 F.2d at 248. Here, the defendant has not attempted to assert his legal innocence to the indicted offense, but rather plainly admitted his guilt during the Rule 11 hearing. The argument in the motion that he is not responsible for the shooting has no bearing on his culpability for possessing a firearm and ammunition. Therefore, this factor weighs against allowing the defendant to withdraw his plea.

Another factor is whether there has been a delay between the entering of the plea and the filing of the motion. Moore, 931 F.2d at 248. In Moore, the Fourth Circuit found a six-week

---

[5]In Lambey, the attorney predicted the sentence would be between 70 and 108 months, but it turned out to be 360 months. 974 F.2d at 1391-92. Here, counsel thought the range would be between 57 and 71 months, where the PSR calculates it as between 110 to 120 months. (Doc. No. 12: Motion at ¶ 4).

delay to be too lengthy. Id.  Here, the defendant's plea was accepted by the magistrate judge on May 25, 2007. (Doc. No. 9: Entry and Acceptance of Guilty Plea at 5).  The defendant's motion to withdraw his plea was not filed until just before his sentencing hearing on February 19, 2008, nearly nine months later. (Doc. No. 12).  From the date the defendant was notified by the PSR of the possible application of the cross-reference, it was four and a half months before his filed his motion.  That delay weighs against granting his request.

Whether defendant has had close assistance of competent counsel is another factor for the Court to consider. Moore, 931 F.2d at 248.  At the defendant's Rule 11 hearing, he testified that he was satisfied with his attorney.  The only alleged error of counsel is his failure to anticipate the potential application of the cross-reference prior to entry of the guilty plea.  The magistrate judge remedied that problem by correctly advising the defendant that he could be sentenced up to the statutory maximum for the offense and that the alleged shooting could increase the guideline range.  Since that time, counsel filed objections to the PSR.  This Court will consider evidence and argument at the sentencing hearing to determine whether the cross-reference applies.  As detailed above, the defendant does not contend that but for counsel's advice he would have chosen to go to trial.  Therefore, the Court finds the defendant has had the assistance of competent counsel and this factor weighs against his request to withdraw his plea.

The final factors to consider are whether withdrawal will cause prejudice to the government, and whether it will inconvenience the Court and waste judicial resources. Moore, 931 F.2d at 248.  There is no direct proof of actual prejudice to the government, but the Court recognizes the potential prejudice to the government if the defendant were allowed to withdraw his plea and the case were set for trial after such a delay.  Additionally, the court system has a strong interest in judicial economy. Wilson, 81 F.3d at 1306.  Significant resources have already

been expended on the defendant's case. Further, because the defendant does not contest his guilt on the indicted charge, allowing him to withdraw his plea and setting the case for trial would be a waste of judicial resources.

Thus, all the factors recognized by the Fourth Circuit in <u>Moore</u> weigh against the defendant's request to withdraw his plea.

III. CONCLUSION

A proper Rule 11 hearing was conducted in this case, during which the defendant testified under oath that he understood the maximum penalty he faced, that he understood the guideline range could be increased based on the alleged shooting, and that he was satisfied with his attorney. Nearly nine months later, the defendant claims he was misadvised about the potential guideline range. Based on review of the record in this case, the Court finds that the defendant has failed to establish a fair and just reason to justify withdrawal of his guilty plea.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Withdraw Guilty Plea (Doc. No. 12) is **DENIED**.

Signed: February 25, 2008

Robert J. Conrad, Jr.
Chief United States District Judge