IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-CV-532
(3:07-CR-64)

| | |
|---|---|
| PRENTISS DAVIS LIPSCOMB ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and the Government's Response in support, (Doc. No. 5). For the reasons that follow, the motion will be granted.

I.  BACKGROUND

On May 25, 2007, Petitioner pled guilty to possessing a firearm after being convicted of a crime punishable for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1), without the benefit of a plea agreement. (Case No. 3:07-cr-64, Doc. No. 9: Acceptance and Entry of Guilty Plea). This Court sentenced Petitioner to ninety months' imprisonment followed by three years' supervised release and entered judgment on March 5, 2008. (Id., Doc. No. 16: Judgment). Petitioner did not appeal his conviction or sentence. He was released from confinement and began his term of supervised release on April 5, 2013. (Id., Doc. No. 23: Petition for Revocation of Supervised Release).[1]

---

[1] This Petition, and accompanying Bond Violation Report and Addendum, (Case No. 3:07-cr-64, Doc. Nos. 30, 31), are pending before the Court. While on release, Petitioner was arrested for Felony Breaking and Entering on May 30, 2013, (Id., Doc. No. 23: Petition at 1), and Robbery with a Dangerous Weapon on July 20, 2013, (Id., Doc. No. 30: Report at 1), among other things.

On August 17, 2012, Petitioner filed the instant § 2255 motion claiming he is not a felon under § 922(g)(1) in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because his predicate convictions for Larceny of Motor Vehicle and Attempted Common Law Robbery did not expose him to more than one years' imprisonment, even when his probation was revoked in each case. (Doc No. 1 at 3).

II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

A. Relief under 28 U.S.C. § 2255

Although the Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one year statute of limitations period for the filing of a motion to vacate, the Government may waive its affirmative defense to an untimely motion. Day v. McDonough, 547 U.S. 198, 210 n.11 (2006). Here, the Government has elected to waive "in the interests of justice." (Doc. No. 5: Response at 3). Petitioner has been released from custody, but he remains on supervised release and stands convicted of a federal felony. These continuing consequences satisfy the "case or controversy requirement" of Article III, § 2, of the Constitution. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (former prisoner must show "concrete and continuing injury" to maintain habeas action following release from confinement). For this reason, and, in light of the

Government's waiver of the statute of limitation defense, the Court may consider the merits of Petitioner's claim.

In <u>Simmons</u>, the Fourth Circuit en banc held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. <u>Simmons</u>, 649 F.3d at 243. That decision resulted from the court's application of the Supreme Court's holding in <u>Carachuri-Rosendo v. Holder</u>, 130 S. Ct. 2577 (2010), namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant. In <u>Simmons</u>, the Fourth Circuit expressly overruled <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005), which previously held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at 243 (quoting <u>Harp</u>, 406 F.3d at 246) (emphasis omitted).

Subsequently the Fourth Circuit found that the Supreme Court's decision in <u>Carachuri</u> announced a procedural rule not applicable to cases on collateral review. <u>United States v. Powell</u>, 691 F.3d 554, 559-60 (4th Cir. 2012). However, in <u>Miller v. United States</u>, --- F.3d ---, slip op. at 12 (4th Cir. 2013), the court announced that its decision in <u>Simmons</u> is a new rule of substantive criminal law because it "narrowed the scope of § 922(g)(1) by establishing that it does not reach defendants whose prior convictions could not have resulted in a sentence of more than one year in prison." Therefore, it is retroactively applicable. <u>Id.</u>

Here, Petitioner and the Government agree, and court records confirm, that Petitioner's prior convictions could not have resulted in a sentence of more than one year in prison. (Doc.

No. 1: Motion at 2, Exhibits 1, 2; Doc. No. 5: Response at 5). The combination of the Government's waiver of the statute of limitations and the Fourth Circuit's ruling in <u>Miller</u> compels vacatur in the circumstances of this case.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate his criminal conviction in Case No. 3:07-CR-64, (Doc. No. 1), is **GRANTED**, and Petitioner is discharged.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: October 31, 2013

Robert J. Conrad, Jr.
United States District Judge